# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GABRIEL KOTSIS,

           Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

           Agency.

DOCKET NUMBER
AT-0432-16-0006-I-1

DATE: August 9, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>John Durishan</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Charles Lohmeyer</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his performance-based removal. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this Remand Order and *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2	After the appellant, a GS-12 General Engineer, received an unsatisfactory performance appraisal, the agency placed him on a 120-day performance improvement plan (PIP).  Initial Appeal File (IAF), Tab 17 at 16-21.  The PIP period ended on or about November 25, 2014, and, on December 15, 2014, the appellant's supervisor informed him that he did not pass the PIP and that he likely would be removed.  IAF, Tab 20 at 49, 57.  On December 18, 2014, the appellant notified his supervisor that he had been diagnosed with a severe illness and that he may need some time off due to this medical condition.  IAF, Tab 26 at 42.  On March 12, 2015, the agency proposed to remove the appellant for failing to demonstrate a minimally acceptable level of performance during his PIP and immediately placed him on administrative leave.  IAF, Tab 1 at 19-28.  The appellant requested sick leave from March 23 to April 4, 2015, but his supervisor denied the request, noting that the appellant was already on administrative leave for the period requested.  IAF, Tab 18 at 4.  On April 13, 2015, the agency removed the appellant for unacceptable performance.  IAF, Tab 1 at 29-32.

¶3	The appellant appealed the performance-based removal to the Board, raising affirmative defenses of disability discrimination based on a failure to accommodate and retaliation for prior equal employment opportunity (EEO) activity.  IAF, Tab 1, Tab 28 at 5.  In an order and summary of the prehearing conference, the administrative judge set forth the parties' stipulations and, on the basis of those stipulations, found that the agency met its burden of showing under 5 U.S.C. § 4303 that the performance-based removal was supported by substantial evidence and that the only remaining issues to be decided were the appellant's affirmative defenses.  IAF, Tab 28 at 3-10.  The administrative judge notified the appellant of the law and burden of proof applicable to his EEO reprisal and disability discrimination affirmative defenses and ordered the parties to submit

any exception to the order and summary in writing within 7 days. *Id.* at 1. Neither party objected to the contents of the order and summary. After holding the requested hearing, the administrative judge issued an initial decision finding that the appellant failed to establish his affirmative defenses and affirming the agency's removal action. IAF, Tab 36, Initial Decision (ID).

¶4 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.[2] On review, the appellant challenges only the administrative judge's finding that he failed to establish his affirmative defense of disability discrimination based on a failure to accommodate his medical condition. PFR File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 As an initial matter, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's findings that the agency proved by substantial evidence all the elements it was required to prove in a chapter 43 performance-based removal under the law as it existed at the time and that the

---

[2] The appellant also submitted an untimely reply to the agency's response, which the agency moves to strike. PFR File, Tabs 4-5. A reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. 5 C.F.R. § 1201.114(e). Here, the appellant electronically filed his reply to the agency's response 7 days past the September 26, 2016 filing deadline. PFR File, Tab 4. He requests that the Board accept this untimely filing and has submitted an affidavit attesting that he was out of the country from August 25 to September 24, 2016. PFR File, Tab 6. We find that the appellant's contention that he was out of the country until 2 days before the filing deadline does not establish good cause for his untimely filing. The record reflects that the appellant is represented by counsel and that his counsel was served, through the Board's e-Appeal system, with the agency's response to his petition for review and the Clerk of the Board's acknowledgment letter setting forth the relevant filing deadlines. PFR File, Tab 2 at 1-2, 5, Tab 3 at 19. The appellant has not stated that he is no longer represented or otherwise addressed why his representative was unable to make a timely filing or request an extension on his behalf. He also has not explained why he could not submit a timely reply or request a filing deadline extension through the Board's e-Appeal system while he was out of the country, or why he delayed another 9 days upon his return before submitting his reply. Therefore, we GRANT the agency's motion to strike the appellant's reply and have not considered it in reaching our decision in this matter.

appellant failed to show that the agency retaliated against him for his EEO activity. PFR File, Tab 1; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Rather, as set forth above, his arguments on review are limited to his affirmative defense of disability discrimination based on a failure to accommodate his medical condition. Accordingly, we address those arguments below but ultimately agree with the administrative judge's findings. Nevertheless, as further explained below, we must remand this appeal in accordance with *Santos*.

We discern no error in the administrative judge's finding that the appellant failed to prove his affirmative defense of failure to accommodate his medical condition.

¶6      An agency is required to make a reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations.[3] *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 9 (2013); 29 C.F.R. § 1630.9(a). Reasonable accommodation includes modifying the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the

---

[3] As a Federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. *Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 8 (2010). However, the standards under the Americans with Disabilities Act of 1990 (ADA) have been incorporated by reference into the Rehabilitation Act, and we apply them to determine if there has been a Rehabilitation Act violation. *Id.*; *see* 29 U.S.C. § 791(f). Further, the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553 (codified at 42 U.S.C. §§ 12101 *et seq.*), applies to this appeal because the incidents in question occurred after the January 1, 2009 effective date of the ADAAA. *See Simpson*, 113 M.S.P.R. 346, ¶ 10. Although the ADAAA changed the interpretation of the law concerning the existence of a disability, it did not affect the requirements of the law as to reasonable accommodation. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 n.4 (2012).

essential job functions. *White*, [120 M.S.P.R. 405](#), ¶ 9. To establish a disability discrimination claim based on a failure to accommodate, an appellant must prove that he is a disabled person, that the action appealed was based on his disability, and, to the extent possible, articulate a reasonable accommodation under which he believes he could perform the essential duties of his position or of a vacant funded position to which he could be reassigned. *Sanders v. Social Security Administration*, [114 M.S.P.R. 487](#), ¶ 16 (2010).

¶7        The appellant argued below that the agency failed to reasonably accommodate him by denying his request for medical leave, which would have permitted him to find an effective medication, and by refusing to allow him to return to work to demonstrate improved performance after receiving medication for his medical condition. IAF, Tab 34, Hearing Compact Disc, Track 2 (the appellant's closing argument). The administrative judge found, however, that the appellant did not request an accommodation until after completing the PIP and that, because a reasonable accommodation is always prospective, the agency was not obligated to excuse the appellant's past failure to successfully complete the PIP on the basis of his subsequent request for an accommodation. ID at 11-16. The administrative judge also found that the agency's denying the appellant's request for sick leave did not amount to denying a reasonable accommodation request because the appellant was already on paid administrative leave for the entire period requested. ID at 15-16.

¶8        On review, the appellant does not dispute the administrative judge's finding that he did not request any accommodation prior to completing the PIP period or that he was already on leave for the period of the disallowed sick leave, but argues that the agency improperly denied him a reasonable accommodation because it did not allow him another opportunity to demonstrate effective service. PFR File, Tab 1 at 14-15. He further argues that the administrative judge erred in failing to determine whether his request for additional time to find effective medication and another opportunity to demonstrate improved performance would

have caused the agency undue hardship. *Id.* at 9-11. For the reasons discussed below, we find no merit to these arguments.

¶9    Reasonable accommodation is always prospective; an agency does not have a duty to retroactively excuse an employee's poor performance on the basis of a subsequent request to accommodate a previously unknown disability. *See* 42 U.S.C. § 12112(b)(5) (defining illegal disability discrimination under the ADAAA to include failing to reasonably accommodate "known physical or mental limitations"); 29 C.F.R. § 1630.9(a).

¶10    Here, after the appellant learned that he might be removed for failing the PIP, he requested time to find an effective medication and a second chance to demonstrate acceptable performance once he adjusted to his new medication. However, for the reasons discussed above, a second chance is not a reasonable accommodation as contemplated by the Rehabilitation Act even when, as here, the performance deficiency may be related to the disability. *See, e.g.*, *Dewitt v. Southwestern Bell Telephone Company*, 845 F.3d 1299, 1316-17 (10th Cir. 2017) (holding that, "[t]he ADAAA does not require employers to accommodate disabled employees by overlooking a past violation of a workplace rule, regardless of whether that violation was caused by the employee's disability[]"); *Purcell v. Department of Veterans Affairs*, EEOC Request No. 05970773, 1999 WL 448126, at *1-*2 (June 24, 1999) (finding that an agency was not required to accommodate an employee or retroactively excuse her poor performance on the basis of an after-the-fact request for accommodation). Therefore, as the administrative judge correctly determined, the agency was not obliged to accommodate the appellant by excusing his prior PIP failure and giving him a second chance to demonstrate acceptable performance. ID at 15-16. Furthermore, the agency need not show that the appellant's requested accommodation would impose an undue hardship because his requested accommodation was not reasonable. *See, e.g.*, *McElwee v. County of Orange*,

700 F.3d 635, 641 (2d Cir. 2012) (holding that an "accommodation that simply excuses past misconduct is unreasonable as a matter of law[]").

¶11    The appellant also argues on review that the agency must "honor [its] invitation to provide reasonable assistance to improve [his] performance" because the EEOC's regulations require the Federal Government to be a "model employer" of individuals with disabilities.  PFR File, Tab 1 at 12; 29 C.F.R. § 1614.203(c).  As previously discussed, however, the Rehabilitation Act does not require the agency to provide the appellant a second chance to demonstrate improved performance.  The fact that the agency invited the appellant to request any reasonable assistance that might help him to improve his performance prospectively, while considering how to deal with his prior unacceptable performance, does not suggest that the agency failed to act as a model employer.  To the contrary, the appellant's allegations reflect that the agency complied with its obligations under the Rehabilitation Act to engage in the interactive process to determine an appropriate accommodation after the appellant notified his supervisors of his medical condition and his need for an accommodation.  *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (finding that, even if an appellant had requested a reasonable accommodation, an agency's failure to engage in the interactive process, standing alone, does not violate the Rehabilitation Act)*; Simpson*, 113 M.S.P.R. 346, ¶ 16.  Therefore, we find no merit to the appellant's argument that the agency failed to act as a model employer, and his argument on review provides no basis to disturb the initial decision.

¶12    The appellant next argues that the administrative judge erred in finding that his request for a reasonable accommodation was too late because, unlike the cases cited in the initial decision wherein the employees were aware of their disability at the time of their alleged misconduct, the appellant was not aware that he was disabled until after the PIP period ended.  PFR File, Tab 1 at 13-14.  Thus, he argues that his "request for additional time to demonstrate effective service after

he was granted time to address his newly diagnosed disability" was made at the earliest possible time. *Id.* at 14. We find no merit to this argument. As the administrative judge correctly found and as discussed above, the agency was under no legal obligation to ignore or excuse the appellant's unacceptable performance occurring prior to his request for an accommodation. ID at 16. The fact that the appellant lacked a diagnosis until after completing the PIP period does not change this result.

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.

¶13  Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the United States Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶14  The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under

*Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to his placement on the PIP, the administrative judge may incorporate his prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defense, he should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶15     For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                             /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board
Washington, D.C.