**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 11**

Docket No. DE-0432-14-0448-I-1

**Kelly J. Lee,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

May 12, 2022

<u>Norman Jackman</u>, Esquire, Lincoln, New Hampshire, for the appellant.

<u>Beth K. Chesney</u>, St. Louis, Missouri, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## OPINION AND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the Denver Field Office for further adjudication consistent with *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

The appellant was employed as a Program Support Assistant at the agency's Central Plains Consolidated Patient Account Center (CPCPAC). Initial Appeal

File (IAF), Tab 10 at 71. On August 6, 2013, the agency placed the appellant on a performance improvement plan (PIP) to address her unacceptable performance in the critical element of Productivity. IAF, Tab 9 at 11-16, 30-32. At the end of the PIP, the agency proposed the appellant's removal for unacceptable performance in four of the seven subcomponents of the Productivity critical element. IAF, Tab 10 at 13-64.

¶3    After providing the appellant with an opportunity to respond to the proposed removal, the agency issued a decision removing her for failing to meet the performance standards for the Productivity critical element of her position during the PIP period. *Id.* at 65-68. The appellant filed a timely Board appeal of her removal. IAF, Tab 1. During the adjudication of the appeal, the appellant stipulated that: (1) the agency's performance appraisal system was approved by the Office of Personnel Management (OPM); (2) her performance standards were valid; (3) her performance standards were communicated to her; (4) she was advised that her performance was unacceptable and warned of her performance inadequacies; and (5) her performance under the PIP was unacceptable. IAF, Tabs 6, 36, 38 at 4. A hearing was scheduled for the sole remaining issue on appeal, which was whether the appellant was given a reasonable opportunity under the PIP to improve her performance above an unacceptable level. IAF, Tab 36 at 3.

¶4    After holding a telephonic hearing, the administrative judge issued an initial decision affirming the appellant's removal, finding in relevant part that the agency proved by substantial evidence that the appellant's performance was unacceptable after she was given a reasonable opportunity to improve. IAF, Tab 51, Initial Decision (ID) at 12. The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. In her petition for review, the appellant does not challenge merits of the initial decision, but instead argues that the administrative judge abused her discretion in connection with the appellant's allegation that the agency violated the

administrative judge's sequestration order during the hearing. *Id.* The agency has filed a response in opposition to the petition for review, PFR File, Tab 4, and the appellant has filed a reply, PFR File, Tab 5.

## ANALYSIS

### The administrative judge did not abuse her discretion in denying the appellant's motion regarding the sequestration of witnesses.

¶5      During a supplemental prehearing conference, the appellant's counsel indicated that he could not be present at the agency's facility for the hearing and elected to convert the scheduled video hearing to a telephonic hearing. IAF, Tab 39. The administrative judge issued an order providing instructions for the telephonic hearing, including the requirement that all witnesses participating in the hearing be sequestered. *Id.* at 1-2. In a summary of the supplemental prehearing conference, the administrative judge noted again that all witnesses were to be sequestered during the telephonic hearing.[1] IAF, Tab 40.

¶6      The telephonic hearing was held on April 29-30, 2015. IAF, Tab 45, Hearing Compact Disc. At the start of the first day of the telephonic hearing, the administrative judge reminded the parties, for the third time, of the requirement that the witnesses be sequestered such that no witness other than the testifying witness should be present in the room at any given time. *Id.* For the first day of the hearing, agency counsel appeared from a conference room at the CPCPAC. IAF, Tab 46 at 8-9. Three of the five agency witnesses testified telephonically from the same conference room. *Id.* at 8-11, 13-14. One additional agency

---

[1] The administrative judge's written orders did not specify what it meant to sequester witnesses. However, at the beginning of the hearing, the administrative judge indicated that she had discussed the sequestration requirement with the parties in detail before going on the record. IAF, Tab 45, Hearing Compact Disc. Specifically, she stated that she had informed the parties that no witness could be present in the room for the testimony of another witness and that no witness could be advised during the hearing about the testimony of another witness. *Id.*

witness began his telephonic testimony from the conference room, but finished it from another office due to technical issues. *Id.* at 15. The remaining agency witness testified telephonically from his office at another facility. *Id.* at 8-9.

¶7 A few days after the close of the hearing, the appellant filed a motion for sanctions against the agency in the form of striking all testimony of the agency's witnesses and granting her default judgment because the agency allegedly violated the sequestration order. IAF, Tab 43. She also asked the administrative judge to order the agency to preserve video surveillance tapes from near the conference room where the hearing was held, along with other evidence. *Id.* Accompanying the motion was a signed affidavit from one of the appellant's witnesses who was present at the CPCPAC on the first day of the hearing, stating that she "perceived" that all of the agency's witnesses were present in the room while each witness testified because she heard multiple voices through the conference room wall. *Id.* at 10-11. The agency filed a response to the motion, denying any violation of the sequestration orders. IAF, Tab 46 at 4-7. The agency provided the signed affidavits of agency counsel and four agency witnesses indicating that no witness, other than the one testifying at that time, was present during each witness's testimony. *Id.* at 8-9, 11, 13-15.[2] After reviewing the parties' submissions, the administrative judge denied the appellant's motion. IAF, Tab 50 at 1-2.

¶8 On petition for review, the appellant argues that the administrative judge abused her discretion by: (1) denying the motion to strike without holding a hearing on the motion; (2) failing to find that the agency violated the sequestration order; and (3) failing to grant the appellant's request for an order

---

[2] As noted above, one of the agency's witnesses completed part of his testimony in a separate room away from agency counsel. IAF, Tab 46 at 15. He indicated in his affidavit that he was the only person in the room during the latter portion of his testimony. *Id.*

preserving the conference room surveillance videos and agency cellular phone and computer records. PFR File, Tab 1, Tab 5 at 3. The appellant requests that the Board remand the case with an order to the administrative judge to review the conference room surveillance tapes if they still exist or to enter judgment in the appellant's favor if they no longer exist. PFR File, Tab 5 at 3. In response, the agency argues that the administrative judge properly denied the appellant's motion. PFR File, Tab 4. The agency asserts that the administrative judge weighed the competing affidavits and rightfully gave less weight to the appellant's witness's claim that she "perceived" the presence of additional individuals in the conference room in light of her concession that she "did not physically see them." *Id.* at 6; IAF, Tab 43 at 11.

¶9    Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015). Additionally, an administrative judge has wide discretion to control the proceedings before her, including the authority to exclude testimony she believes would be irrelevant, immaterial, or repetitious. *Sigler v. Department of the Army*, 63 M.S.P.R. 103, 110 (1994); *Brownscombe v. Office of Personnel Management*, 37 M.S.P.R. 382, 386 (1988), *aff'd*, 871 F.2d 1097 (Fed. Cir. 1989) (Table). Administrative judges also have substantial discretion over convening a hearing and ruling on motions. *Smith v. Department of the Army*, 41 M.S.P.R. 110, 113 (1989); 5 C.F.R. §§ 1201.41(b)(6), (8). Given the substantial discretion administrative judges have to control the proceedings before them, the Board will not reverse an administrative judge's decision not to hold a hearing on a motion requesting sanctions absent an abuse of discretion. *See generally Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶10    Here, following the appellant's submission of her motion, the administrative judge afforded the agency an opportunity to respond and the appellant an opportunity to reply to the response. IAF, Tab 44. The agency filed a response, IAF, Tab 46, but the appellant did not avail herself of the opportunity to file a

reply. Additionally, although the appellant argues that the administrative judge erred by failing to hold a hearing on the veracity of the competing affidavits, the appellant did not request such a hearing in the motion itself, or at any time prior to the close of the record on the motion. PFR File, Tab 1 at 5; IAF, Tab 43. Further, the appellant has not identified a Board regulation requiring that an administrative judge hold a hearing to resolve a post-hearing request for sanctions.

¶11 In reaching her conclusion that her sequestration orders were not violated, the administrative judge reviewed the parties' affidavits. IAF, Tab 50 at 1-2. In making her determination, the administrative judge relied heavily on the fact that the appellant's sole affiant admitted that at no time could she physically see any of the agency's witnesses inside the conference room, relying instead on her "perception" that they were in the same room based on the voices she heard coming from the room. *Id.* at 1 (quoting IAF, Tab 42 at 11). Weighed against this affidavit, the administrative judge credited the affidavits of agency counsel and the agency's witnesses stating that no other witnesses were in the room during the hearing testimony of any witness. IAF, Tab 50 at 2. The administrative judge also identified four individuals who were present and speaking at various times on the telephonic conference call along with each witness, who may have accounted for any additional voices coming from the conference room. *Id.* Finally, the administrative judge noted that her review of the hearing recording did not reveal any unexplained or unusual voices, noises, or activities suggestive of the presence of additional individuals in the conference room. *Id.*

¶12 Having reviewed the appellant's claim, we find that the administrative judge did not abuse her discretion in determining that the agency had not violated the sequestration orders. We further conclude that the administrative judge acted within her discretion when she denied, without holding an additional hearing, the appellant's motion for default judgement and request to strike the testimony of all

agency witnesses. We further find no abuse of discretion in her denying the appellant's request for an order preserving video surveillance and other evidence related to the motion.

Remand is required in light of *Santos*.

¶13     In affirming the appellant's performance-based removal, the administrative judge cited the Board's precedent setting forth the relevant legal standard for such actions under chapter 43. ID at 4-5. Under that standard, the agency must prove by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (5) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 & n.5 (2013); *see* 5 U.S.C. § 7701(c)(1)(A). The Board has consistently interpreted that standard as not requiring an agency to prove that an employee was performing unacceptably before being given an opportunity to demonstrate acceptable performance via placement on a PIP. Thus, the Board has declined to examine an employee's pre-PIP performance in analyzing a performance-based action under chapter 43. *See, e.g.*, *Thompson v. Department of the Navy*, 89 M.S.P.R. 188, ¶ 19 (2001); *Clifford v. Department of Agriculture*, 50 M.S.P.R. 232, 234 n.1 (1991); *Wilson v. Department of the Navy*, 24 M.S.P.R. 583, 586-87 (1984).

¶14     Although the administrative judge properly applied existing precedent as of the date she issued the initial decision, our reviewing court issued a precedential decision recognizing an additional element of an agency's burden of proof under chapter 43 while this matter was pending before the Board on petition for review. In *Santos*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held

for the first time that to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. *Santos*, 990 F.3d at 1360-61. The court noted that the statute authorizes actions against employees "who continue to have unacceptable performance" after a PIP and reasoned that proving continued unacceptable performance requires a showing that the performance was unacceptable both prior to and during the PIP. *Id.* (quoting 5 U.S.C. § 4302(c)(6)). The court found that the Board's failure to consider the appellant's pre-PIP performance in *Santos* was an abuse of discretion and it remanded the appeal for further proceedings under the modified legal standard. *Santos*, 990 F.3d at 1363-64.

¶15      With limited exceptions not applicable here, decisions of the Federal Circuit are binding on the Board. *See Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987). Therefore, we modify the standard applicable to chapter 43 actions in light of *Santos*. To defend an action under chapter 43, the agency must prove by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

¶16      The Federal Circuit's new precedent in *Santos* applies to all pending cases, regardless of when the events at issue took place. *See Porter v. Department of Defense*, 98 M.S.P.R. 461, ¶ 14 (2005) (citing *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752, 759 (1995)). The parties did not have an opportunity before

the administrative judge to address the modified legal standard in light of *Santos*. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*.[3]   *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *Blaha v. Office of Personnel Management*, 106 M.S.P.R. 265, ¶ 11 (2007) (remanding an appeal where the parties were not informed of the correct legal standard).

¶17      On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable.   The administrative judge shall hold a supplemental hearing if appropriate.   The administrative judge shall then issue a new initial decision consistent with *Santos*.   If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision.   *See Hall v. Department of Transportation*, 119 M.S.P.R. 180, ¶ 8 (2013).

---

[3] While this matter was pending on petition for review, Congress enacted the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, 131 Stat. 862 (2017).  Among other things, the VA Accountability Act provided the Department of Veterans Affairs with an expedited, less rigorous process for removing, demoting, or suspending its employees for inadequate performance or misconduct.  The VA Accountability Act thereby gave the agency "an expedited, less rigorous alternative to traditional civil service adverse action appeals" under chapter 43 and chapter 75 of title 5.  *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1374 (Fed. Cir. 2020).  However, the Federal Circuit has held that the VA Accountability Act does not apply to disciplinary action based on conduct or performance occurring before its enactment, *id.* at 1380-82, and no other court of appeals has reached a contrary conclusion.  Therefore, the VA Accountability Act may not be applied to the appellant's removal in this case because it is based on performance that occurred several years before the Act went into effect.  Accordingly, the appellant's removal must be adjudicated under chapter 43 on remand.

**ORDER**

¶18    For the reasons discussed above, we GRANT the petition for review, VACATE the initial decision, and REMAND this case to the regional office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.