# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROCHELLE EDWINA GREENE,
Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,
Agency.

DOCKET NUMBER
DC-0432-15-0708-I-1

DATE: August 30, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Rochelle Edwina Greene</u>, Forestville, Maryland, pro se.

<u>Xan DeMarinis</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained her removal for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Effective April 13, 2015, the agency removed the appellant from her GS-0996-11 Veterans Service Representative (Rating) position based on her unacceptable performance in one critical element of her performance standards. Initial Appeal File (IAF), Tab 5 at 19, 21-23, 32-33.[2]  The appellant appealed, and, after she withdrew her request for a hearing, IAF, Tab 15, the administrative judge issued a decision based on the written record in which he found that the agency proved its action by substantial evidence and the appellant failed to prove her affirmative defenses, IAF, Tab 25, Initial Decision (ID) at 5-20.  The appellant petitions for review.

¶3      At the time the initial decision was issued, the Board's case law stated that, to prevail in a performance-based removal appeal under chapter 43, the agency must establish by substantial evidence that:  (1) the agency communicated to the appellant the performance standards and critical elements of her position; (2) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (3) the agency warned the appellant of her performance inadequacies during the appraisal period and gave her an adequate opportunity to improve; and (4) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.[3]  *Towne v. Department of the Air Force*, 120 M.S.P.R.

---

[2] As a Veterans Service Representative (Rating), the appellant was responsible for assigning disability levels for disability claims filed by veterans.  IAF, Tab 21 at 11.

[3] The agency also has the burden of proving that the Office of Personnel Management has approved the agency's performance appraisal system and any significant changes thereto, if the appellant specifically raises such a challenge.  *Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶¶ 11-12 (1999).  The agency has submitted documentation, which the appellant does not challenge, sufficient to meet this burden. ID at 4 n.3; IAF, Tab 14 at 12, 14, 16.

239, ¶ 6 (2013);[4] *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p). Substantial evidence is a lesser standard of proof than preponderance of the evidence and, to meet this standard, the agency's evidence need not be more persuasive than that of the appellant. *See Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶ 7 (2007).

¶4      As addressed below, we discern no basis to disturb the administrative judge's findings in the initial decision. As discussed at the end of our analysis, this appeal must nevertheless be remanded to address an additional element of the agency's burden of proof as set forth in *Santos v. National Aeronautics & Space Administration*. 990 F.3d at 1360-61.

The appellant's performance standards are valid, and the agency properly communicated them to her at the beginning of the performance appraisal period.

¶5      Performance standards must, to the maximum extent feasible, permit the accurate appraisal of performance based on objective criteria. 5 U.S.C. § 4302(c)(1); *Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1335-36 (Fed. Cir. 2004). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Thomas v. Department of Defense*, 95 M.S.P.R. 123, ¶ 12 (2003), *aff'd*, 117 F. App'x 722 (Fed. Cir. 2004); *Greer v. Department of the Army*, 79 M.S.P.R. 477, 483 (1998). Performance standards should be specific enough to provide an employee with a firm benchmark toward which to aim her performance, *Greer*, 79 M.S.P.R. at 483, and must be sufficiently precise so as to invoke general consensus as to their meaning and content, *Henderson v. National*

---

[4] Although *Towne* provides that performance standards must be valid under 5 U.S.C. § 4302(b)(1), the National Defense Authorization Act of 2018 redesignated subsection 4302(b) as subsection 4302(c). Pub. L. No. 115-91, § 1097(d)(1)(A), 131 Stat. 1283, 1619 (2017). Accordingly, 5 U.S.C. § 4302(c)(1) now sets forth the statutory requirements for a valid performance standard.

*Aeronautics & Space Administration*, 116 M.S.P.R. 96, ¶ 20 (2011).  Performance standards are not valid if they do not set forth the minimum level of performance that an employee must achieve to avoid removal for unacceptable performance under chapter 43.  *Id.*

¶6          The administrative judge found, and the parties do not dispute, that the agency communicated the appellant's performance standards to her on several occasions.  ID at 9.  The standards set forth in the appellant's Performance Improvement Plan (PIP) were the same standards contained in her position description of record.  *Compare* IAF, Tab 5 at 65-66, *with* IAF, Tab 14 at 31.  The agency used a three-tiered rating system in which the possible ratings were "exceptional," "fully successful," and "unacceptable," and the standards identify the level of performance the appellant had to achieve to reach the "fully successful" level.  IAF, Tab 5 at 65-66; *see Sherrell v. Department of the Air Force*, 47 M.S.P.R. 534, 539 (1991) (finding that performance standards must be written at the "Fully Successful" level for all critical and noncritical elements and may be written at other levels), *aff'd*, 956 F.2d 1174 (Fed. Cir. 1992) (Table). We find that the agency properly communicated the relevant standard to the appellant.

¶7          We also find that the standard was valid.  More specifically, the critical element at issue in this appeal is number 3, "Output."  Under critical element 3, the standard provided that employees were required to produce a particular amount of average cumulative output, measured by a formula that takes into account the complexity of the assignment and the experience of the employee, with more experienced employees expected to produce at a higher average rate. IAF, Tab 5 at 66.  Because the appellant had been in her position for more than 2 years, *id.* at 97, she had to produce 3.25 weighted actions per day to achieve the "Fully Successful" level of performance.

¶8          The appellant does not challenge the validity of her performance standard, and we find, as did the administrative judge, that the standard is precise, specific,

and objective and clearly put the appellant on notice of what she was required to do to achieve "Fully Successful" performance. ID at 8-9; *see Jackson v. Department of Veterans Affairs*, 97 M.S.P.R. 13, ¶¶ 12-14 (2004) (emphasizing that the Board's focus under 5 U.S.C. § 4302(c)(1) is on accurately measuring performance based on objective criteria). Thus, we agree with the administrative judge that the agency has met its burden of proving by substantial evidence that the appellant's performance standards are valid and were properly communicated to her.

The agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance.

¶9      Before initiating an action for unacceptable performance under 5 U.S.C. § 4303, an agency must give the employee a reasonable opportunity to demonstrate acceptable performance. *Greer*, 79 M.S.P.R. at 480. The agency is required by regulation to offer the appellant assistance in improving her performance as part of her opportunity to demonstrate acceptable performance. *Goodwin v. Department of the Air Force*, 75 M.S.P.R. 204, 208 (1997); 5 C.F.R. § 432.104. However, there is no mechanical requirement regarding the form this assistance must take. *Gjersvold v. Department of the Treasury*, 68 M.S.P.R. 331, 336 (1995). The employee's right to a reasonable opportunity to improve is a substantive right and a necessary prerequisite to all chapter 43 actions. *Lee*, 115 M.S.P.R. 533, ¶ 32. In determining whether the agency has afforded the appellant a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the appellant's position, the performance deficiencies involved, and the amount of time that is sufficient to enable the employee to demonstrate acceptable performance. *Id.*; *Satlin v. Department of Veterans Affairs*, 60 M.S.P.R. 218, 225 (1993) (determining that the administrative judge properly considered the appellant's length of service and experience in concluding that the appellant had

received both adequate instruction and time in which to demonstrate improvement).

¶10    Here, the record shows that the appellant was afforded 90 days to improve her performance.  IAF, Tab 5 at 70.  The agency stated in the PIP that it would meet with the appellant biweekly to discuss her performance, address any areas of concern, and answer her questions.  *Id.* at 69.  The agency followed through on its promises.  During the opportunity to improve, it documented seven meetings held between the appellant and her supervisor to discuss the appellant's performance and submitted monthly performance notices containing her production numbers.  *Id.* at 42, 53-54, 59-60.  We agree with the administrative judge that the agency established by substantial evidence that it afforded the appellant a reasonable opportunity to demonstrate acceptable performance.  *Towne*, 120 M.S.P.R. 239, ¶ 20 (finding that the agency met its burden of showing that it provided the appellant with a reasonable opportunity to demonstrate acceptable performance by holding regular meetings with her during the opportunity to improve and giving her written feedback).

The appellant's performance was unacceptable in one critical element of her performance standards.

¶11    An agency's burden of providing substantial evidence of an appellant's unacceptable performance can be met largely by the submission of documentation through the charges and the appellant's working papers.  *Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd*, 210 F. App'x 992 (Fed. Cir. 2006).  A proposal notice can constitute valid proof of an agency's charges when the notice is not merely conclusory but sets forth in detail an employee's errors and deficiencies and when the notice is corroborated by other evidence.  *Id.*

¶12    Here, the agency provided substantial evidence showing that the appellant produced a cumulative average production rate of 2.95 weighted actions per day.  IAF, Tab 5 at 32.  To successfully complete the PIP, the appellant had to achieve 3.25 weighted actions per day.  *Id.* at 32, 65.  The appellant conceded that her

output was not at the acceptable level. IAF, Tab 19 at 4. We find, therefore, that the agency proved by substantial evidence that the appellant's performance was unsuccessful at the conclusion of the PIP.

The appellant failed to prove her affirmative defenses.

¶13   The appellant contended that the agency discriminated against her when it failed to accommodate her disability. The appellant had abdominal surgery in May 2014, but was cleared by her physician to return to duty on July 7, 2015, with restrictions on heavy lifting, low seating, bending/lifting/pushing/pulling, and excessive standing or walking. IAF, Tab 17 at 35, Tab 19 at 3. When she returned from surgery, she used a walker to get around. However, there is no evidence that her job, which appears to be sedentary, required her to perform any of the physical actions prohibited by her physician. Moreover, the appellant did not identify any accommodation of her limited mobility that would have helped her achieve the required production rate.

¶14   The appellant contends for the first time on review that there were workplace distractions during the PIP, such as training courses, noise, meetings, broken equipment, new software, and frequent changes in the way her work product was weighted, and she implies that these factors impeded her ability to successfully complete the PIP. Petition for Review (PFR) File, Tab 1 at 11. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Although the appellant has not made the required showing, we note in any event that she failed to substantiate any of her claims and, in particular, she failed to substantiate the claim that there were frequent changes in the way the agency weighted her work product. These arguments do not persuade us that the initial decision should be disturbed.

¶15   The appellant further alleges for the first time on review that the agency denied her request to adjust her workspace so she had better lighting and room to

store her walker. PFR File, Tab 1 at 14. She also alleges that the agency relocated her cubicle so she had to travel a greater distance to the restroom. *Id.* Again, however, the appellant has not substantiated her allegations or shown why she could not have raised these issues below. We also fail to see why a larger workspace, better than the usual lighting (she does not claim that the lighting was inadequate or that the lighting over her workspace was dimmer than that of her peers), and closer proximity to the restroom would have allowed her to raise her rate of production to the "Fully Successful" level. We find, therefore, that these arguments also provide no basis to disturb the initial decision.

¶16    Finally, the administrative judge found that the appellant failed to prove her affirmative defense of race discrimination. ID at 18-20. The appellant challenges this finding on review but concedes that she has no evidence to support her claim because she filed untimely discovery requests that the agency was not bound to answer. PFR File, Tab 1 at 16. As a result, we find no reason to question the administrative judge's finding on this issue. To the extent the appellant is alleging improprieties in the agency's handling of her request for inclusion in the voluntary leave transfer program, PFR File, Tab 1 at 15-16, that matter is beyond the Board's purview. *Cf. Fesler v. Department of the Interior*, 52 M.S.P.R. 660, 663 (1992) (finding that the Board generally lacks jurisdiction to restore sick leave other than as part of the relief granted in an otherwise appealable action).

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.

¶17    Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was

unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶18        The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative judge may incorporate his prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, he should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶19     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.