## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WANNY MA,

    Appellant,

      v.

DEPARTMENT OF DEFENSE,

    Agency.

DOCKET NUMBER
SF-0432-20-0471-I-1

DATE: October 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Wanny Ma</u>, Monterey Park, California, pro se.

<u>Temple Louise Wilson</u>, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal based on unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was an Auditor whom the agency removed under the provisions of 5 U.S.C. chapter 43, effective April 21, 2020. Initial Appeal File (IAF), Tab 5 at 17-22. The appellant filed a Board appeal, and the administrative judge issued an initial decision sustaining the removal. IAF, Tab 16, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

Having carefully considered the appellant's petition for review, we find that she has identified no basis to disturb the initial decision. Nevertheless, during the pendency of the petition for review, the U.S. Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021), in which it clarified the agency's burden of proof in a chapter 43 appeal. Specifically, the court held that, in addition to the elements of proof that the administrative judge identified in his initial decision, ID at 2, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

Pursuant to *Santos*, the Board now identifies six elements that the agency in a chapter 43 appeal must prove by substantial evidence: (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical

elements; (5) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

¶5    The administrative judge in this case correctly applied Board precedent as it existed at the time he issued his initial decision. However, the Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16. The parties here did not have an opportunity before the administrative judge to address the modified legal standard in light of *Santos*. We, therefore, remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

¶6    On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.