**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CORY RYAN ROGERS, | DOCKET NUMBER |
| Appellant, | DA-0432-24-0051-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE:  May 28, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mario E. Benavides, Esquire, El Cajon, California, for the appellant.

Patrick A. Hodges, Esquire, Temple L. Wilson, Esquire,
    and Kristina A. Letcher, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his performance-based removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An agency may reduce in grade or remove an employee for unacceptable performance under 5 U.S.C. § 4303 when it proves the following by substantial evidence:[2] (1) the Office of Personnel Management approved the agency's performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in one or more of the critical elements. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

On review, the appellant does not directly challenge the administrative judge's findings as to any of the above elements. He instead argues that his placement on a performance improvement plan (PIP) was unjustified because he

---

[2] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

was not warned of his performance deficiencies before the PIP notice was issued. However, the U.S. Court of Appeals for the Federal Circuit, our reviewing court in this matter, has held that "there is no rule or regulation requiring an agency acting under chapter 43 to notify or warn an underperforming employee of a performance problem before issuing a PIP." *Harris v. Securities and Exchange Commission*, 972 F.3d 1307, 1316 (Fed. Cir. 2020). Rather, "the PIP notice itself often serves as the warning" of a performance problem. *Id.*; *see also Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1362 (Fed. Cir. 2021) (quoting *Harris*). Given that holding, we disagree with the appellant's contention that his placement on a PIP was unjustified under *Santos*.

We have, however, considered the appellant's argument that the agency committed harmful error based on its failure to comply with Article 23 of the collective bargaining agreement between the Defense Contract Audit Agency (DCAA) and the American Federation of Government Employees (AFGE), and Department of Defense Instruction (DODI) 1400.25, Volume 431. Article 23, Section 6.0 C. reads: "DODI Section 3.9.a. In order to address any performance deficiencies early, the supervisor is highly encouraged to initiate additional performance meetings with the employee whenever a decline in performance is identified." Initial Appeal File (IAF), Tab 11 at 9. The referenced provision from DODI 1400.25, Volume 431, section 3.9., *Identifying and Improving Unacceptable Performance*, reads:

> At any point during the appraisal cycle, when a supervisor detects a decline in performance, early intervention is imperative. Assistance should be provided to the employees early on, whenever there is a need for improvement or any time there is a decline in performance. The supervisor should take the following actions, as appropriate:
>
> (1) Clearly communicate to the employee that current performance fails to meet the performance standards described in the performance plan; provide clear guidance as to what is needed in order for the employee to improve; and provide specific examples of what and how work has not met expectations, as well as examples of work that would meet expectations.

(2) Offer appropriate assistance.

(3) Provide ideas of where the employee may go to obtain additional assistance or training, if applicable.

(4) Provide closer supervision and feedback. This might include more frequent reporting, special assignments, or on-the-job training.

(5) If performance issues persist, use a more formal approach to help employees improve and seek assistance from the human resources office.

*Id.* at 13-14.

The administrative judge found that the cited provisions "do not reflect procedural *requirements* with which the agency failed to comply, but rather guidelines or best practices." Initial Decision at 20 (emphasis in original). We tend to agree with the appellant that the administrative judge was incorrect on this point, and that the agency was required under its own policies to address the appellant's performance issues as they arose. *See* IAF, Tab 11 at 14 (stating that "early intervention is *imperative*" (emphasis added)).

Nonetheless, we agree with the administrative judge that, regardless of whether the cited agency policies required the agency to provide notice of performance deficiencies prior to the initiation of the PIP, the agency did provide such notice. As the administrative judge noted, the appellant's first-level supervisor testified that she frequently discussed the appellant's work performance with the appellant and told him during the December 2022 progress review that his performance needed to improve significantly before the end of the rating period. To the extent the appellant denied being aware prior to the PIP notice that his performance was deficient, the administrative judge gave more credence to the supervisor's testimony, and we defer to his credibility determination. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Moreover, the appellant made statements prior to the PIP reflecting his awareness that he missed deadlines, performed poorly on a particular audit, and was slow to complete assignments. *See* IAF, Tab 12 at 8-11. In addition, the

appellant's December 2022 progress review discussed deficiencies the appellant needed to address regarding his completion of audits. IAF, Tab 5 at 165.

In any case, harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). Assuming for the sake of argument that the appellant was not notified of his performance issues prior to the PIP notice, and that this was a violation of agency procedures, he has not shown that it is more likely than not that a timelier intervention would have prevented his removal.

We have also considered the appellant's contention that the initial decision was overly devoted to his disability discrimination claim. The appellant argues that the Joint Prehearing Submission "does not contain anything related to [his] disability." Petition for Review File, Tab 1 at 11. However, while the submission does not include the word "disability," it contains a list of affirmative defenses including failure to accommodate. IAF, Tab 14 at 5. The failure-to-accommodate claim was also listed in the summary of the prehearing conference, IAF, Tab 17 at 4, and the appellant did not file a written objection to the summary. The appellant states that at some point he informed the administrative judge that he did not wish to pursue a disability discrimination claim, but we find no indication of this in the record. In any event, the appellant does not dispute the administrative judge's findings regarding the alleged failure to accommodate.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.