## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JURGEN CARTER,<br>          Appellant, | DOCKET NUMBER<br>AT-0714-18-0263-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: February 22, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Mt. Pleasant, South Carolina, for the appellant.

Glynneisha Bellamy, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal pursuant to 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant was formerly employed as a GS-5 Medical Support Assistant with the agency's Mental Health Service Line's Homeless Program. Initial Appeal File (IAF), Tab 5 at 9, 78. His job duties included managing appointments and coordinating administrative information between staff and patients. *Id.* at 73. By letter dated January 22, 2018, the agency proposed to remove the appellant from his position pursuant to 38 U.S.C. § 714 based on two charges: (1) unauthorized access of the Computerized Patient Record System (CPRS); and (2) unauthorized access of the Veterans Information Systems and Technology Architecture (VISTA). *Id.* at 13-16. In support of each charge, the agency set forth one specification stating that the appellant had authority to access patient records only in the performance of his official duties and assigned tasks and identifying the dates and times that he accessed a particular patient's records without authorization. *Id.* It indicated that the appellant accessed the patient's CPRS records 26 times without authorization and the patient's VISTA records 24 times without authorization between May and September 2016. *Id.* The appellant did not reply to the proposed removal. *Id.* at 10. By letter dated February 5, 2018, the deciding official found that the charges were supported by substantial evidence and removed the appellant, effective February 9, 2018. IAF, Tab 5 at 10-12.

The appellant filed a Board appeal challenging his removal and raised affirmative defenses of discrimination, retaliation, due process violation, harmful procedural error, and laches. IAF, Tabs 1, 10. After holding a hearing, the administrative judge issued an initial decision finding that the agency proved its charges by substantial evidence and that the appellant failed to establish any of his affirmative defense. IAF, Tab 16, Initial Decision (ID).

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

The agency's deciding official sustained the appellant's removal based on his conclusion that substantial evidence supported the charges. IAF, Tab 5 at 10. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the burden of proof to be applied by the agency. *Id.* at 1298-1300. The Court reasoned that, because 38 U.S.C. § 714 requires that an agency's deciding official "determine" whether "the performance or misconduct . . . warrants" the action at issue, the deciding official must use a preponderance of the evidence burden of proof. *Id.* at 1297-99. The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22 (stating that the Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place); *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (recognizing that a new precedential Federal Circuit decision applied to all cases pending with the Board).

The administrative judge and the parties did not have the benefit of *Rodriguez*, and therefore were unable to address its impact on this appeal. Accordingly, we remand this appeal for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of

the error. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving his affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge shall provide the parties with an opportunity to present additional evidence and argument, including a supplemental hearing if requested by the appellant, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error.

<u>On remand, the administrative judge should also determine, if applicable, whether the agency proved by substantial evidence that the penalty of removal was reasonable.</u>

The administrative judge did not review the reasonableness of the agency's penalty by applying the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981) (*Douglas* factors). Rather, he noted that the Board lacked authority to mitigate the agency's penalty. ID at 4. At the time of the initial decision, however, the administrative judge did not have the benefit of the Federal Circuit's decision in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (Fed. Cir. 2020), in which the Court held that, notwithstanding the lack of authority to mitigate the penalty, the Board is required to review the entirety of the decision, including the penalty in section 714 cases. *See Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1323 (Fed. Cir. 2021). Accordingly, the Board must apply the *Douglas* factors in considering the reasonableness of the penalty, and, if it finds that the agency failed to consider the *Douglas* factors or that the penalty the agency imposed is unreasonable, it must remand the appeal to the agency for redetermination of the penalty. *Connor*, 8 F.4th at 1326-27. On remand, the administration judge shall permit the parties to submit additional evidence and argument, including a supplemental hearing if requested by the appellant, addressing the penalty issue. The administrative judge shall then review the penalty and determine whether the agency proved by

substantial evidence that it applied the relevant *Douglas* factors and that the penalty was reasonable.

## ORDER

For the reasons discussed above, we remand this appeal to the Atlanta Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors and that the penalty was reasonable.[2] The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the agency's proof of its charges and the appellant's affirmative defenses of laches, due process violation, and harmful error.[3] He may also incorporate into the remand decision, if appropriate, his prior findings regarding status-based discrimination and retaliation for equal employment opportunity activity, but in doing so, he must apply the analytical

---

[2] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.

[3] If any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue in this appeal, he should address such argument or evidence in the remand decision.

framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.[4]

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] Regarding the appellant's claims of discrimination based on his race, color, sex, religion, and national origin and his claim of retaliation for exercise of his equal employment opportunity rights, the administrative judge found that the appellant presented no evidence to support his status-based discrimination claims and that he failed to raise even an inference that his removal was in retaliation for his equal employment opportunity activity. ID at 7-10. After the initial decision was issued, the Board issued it its decision in *Pridgen* addressing, the analytical framework for discrimination and retaliation claims. In light of the administrative judge's findings regarding the appellant's claims, the change in analytical framework articulated in *Pridgen* appears not to provide a basis to disturb the initial decision.