# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAURA TOMSEN,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
NY-0714-18-0016-I-1

DATE:  April 12, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Laura Tomsen</u>, Tonawanda, New York, pro se.

<u>Kevin B. Thiemann</u>, Albany, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service for patient abuse pursuant to 38 U.S.C. § 714.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed by the agency as a GS-5 Medical Support Assistant. Initial Appeal File (IAF), Tab 1 at 1. The agency proposed the appellant's removal for one charge of patient abuse pursuant to 38 U.S.C. § 714. IAF, Tab 9 at 45-46. The deciding official found that the charge was supported by substantial evidence and sustained the appellant's removal, effective October 20, 2017. *Id.* at 20-22. The appellant appealed her removal to the Board. IAF, Tab 1. She did not request a hearing and did not raise any affirmative defenses. *Id.* at 2, 5. In an initial decision based on the written record, the administrative judge found that the agency proved the charge of patient abuse by substantial evidence and he stated that, because the agency sustained the charge by substantial evidence, its chosen penalty of removal must be affirmed. IAF, Tab 19, Initial Decision (ID) at 5-8. The appellant has filed a petition for review and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge did not consider all of the evidence she submitted. PFR File, Tab 1 at 5. The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision, and we find no basis to disturb the initial decision on this basis. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also argues that, after the record closed before the administrative judge, she learned that the deciding official was accused of negligence in his handling of another employee's sexual harassment allegation, which she asserts "clouded his judgment" in the appellant's case. PFR File, Tab 1 at 3-4. We find that the allegations against the deciding official, which were brought by a different employee and are unrelated to the charge brought against the appellant, do not warrant disturbing the findings in the initial

decision. Further, on review, the appellant appears to assert for the first time, without support, that the veteran who made allegations against her, which formed the basis of the charge in this appeal, suffers from a mental health disorder. *Id.* at 5. The appellant has not established that her representations about the veteran's mental health are based on new evidence that was unavailable despite her due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (providing that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(d). Moreover, these new allegations are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

Notwithstanding, remand is required for a different reason. While this petition for review was pending, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298-1301 (Fed. Cir. 2021), that, although the Board uses the substantial evidence standard in reviewing an action under 38 U.S.C. 714, the agency itself must apply a preponderant evidence standard in determining whether the charges should be sustained. Here, the deciding official sustained the proposed removal based on his finding that the charge was "supported by substantial evidence." IAF, Tab 9 at 20. Although the agency's removal decision predated *Rodriguez*, the holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties did not have the benefit of *Rodriguez*, and they were therefore unable to address its impact on this appeal. Accordingly, we remand this case for adjudication of whether the agency's apparent error in applying the substantial evidence standard of proof was harmful. *Id.*, ¶¶ 23-24 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

Additionally, in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), the Federal Circuit determined that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under 38 U.S.C. § 714. The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors" and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021)) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings"). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16.

Here, the administrative judge did not review the agency's penalty, finding that the penalty "must be affirmed" because the agency sustained its charge by substantial evidence. ID at 8 (emphasis omitted). Moreover, in the deciding official's decision letter upholding the proposed removal, he did not reference *Douglas* or cite to the *Douglas* factors. IAF, Tab 9 at 20-22. Thus, the record is unclear as to whether the agency properly considered the *Douglas* factors in making the decision to remove the appellant. The administrative judge and the parties did not have the benefit of *Connor*, and thus were unable to address its impact on this appeal. Therefore, remand is required for this issue as well.

The administrative judge who decided this case is no longer with the Board and this case must be assigned to a new administrative judge on remand. The administrative judge should provide the parties with an opportunity to present

evidence and argument addressing whether the deciding official's use of the substantial evidence standard constituted harmful error and whether the agency properly considered the *Douglas* factors.[2] The administrative judge should hold a supplemental hearing, if requested by the appellant, to address these two issues. To the extent it is appropriate, the administrative judge may adopt, in the remand initial decision, the original findings in the initial decision. However, if any of the evidence and argument developed on remand causes the administrative judge to disagree with the previous findings contained in the initial decision, he or she should explain that in the remand initial decision.

## ORDER

For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.

---

[2] In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable. *See Connor*, 8 F.4th at 1326; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1376, 1379 (Fed. Cir. 2020) (identifying the Board's scope of review of the penalty in an action taken under 38 U.S.C. § 714 as substantial evidence). If not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.*