## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES H. MONTGOMERY, II,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
DC-0752-21-0512-I-2

DATE: May 1, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James H. Montgomery, II</u>, Augusta, Georgia, pro se.

<u>Daniel Piccaluga</u>, Esquire, and <u>David Myers</u>, Esquire, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal taken under both chapters 43 and 75 of Title 5. On petition for review, the appellant reasserts many of his arguments from below regarding the misconduct charges, performance-based removal, and affirmative defenses of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

a harmful procedural error, due process violation, and whistleblower reprisal. Petition for Review (PFR) File, Tab 1. He also argues that the administrative judge abused his discretion when ruling on witnesses and imposing sanctions against him in relation to a discovery dispute.[2] *Id.* at 12-14. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's discussions of the elements of a chapter 43 performance-based removal and whistleblower reprisal affirmative defense, we AFFIRM the initial decision.[3]

---

[2] In the appellant's reply to the agency's response to his petition for review, he argues, in addition to substance, that the agency's response exceeds the word limit under the Board's regulations, and he includes a motion to strike the agency's response on those grounds. PFR File, Tab 4 at 4-5. The agency responded to the appellant's motion to strike, asserting that its response to the petition for review is within the Board's word limit. PFR File, Tab 5. Under 5 C.F.R. § 1201.114(h), a response to a petition for review is limited to 7,500 words. Excluding the automatically generated e-Appeal transmittal sheets and the certificate of service, the agency's response to the appellant's petition for review contains 7,424 words, which is within the Board's word limit for such a pleading. PFR File, Tab 3; *see* 5 C.F.R. § 1201.114(h). Accordingly, because the agency's response to the petition for review does not exceed the word limit, we deny the appellant's motion to strike.

[3] The appellant has another appeal before the Board in *Montgomery v. Department of Homeland Security*, MSPB Docket No. DC-1221-21-0305-W-1. That matter is being decided separately.

The administrative judge correctly affirmed the chapter 75 removal action.

Regarding the chapter 75 removal action, the administrative judge correctly found that the agency proved the misconduct charges of lack of candor and failure to follow instructions by preponderant evidence. *Montgomery v. Department of Homeland Security*, MSPB Docket No. DC-0752-21-0512-I-2, Appeal File (I-2 AF), Tab 24, Initial Decision (ID) at 4-9. He also correctly found that the agency proved that a nexus exists between the misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 10-12. The appellant's arguments on review do not provide a basis to disturb the initial decision in this regard. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and reached well-reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge correctly affirmed the chapter 43 performance-based removal action, but we supplement the initial decision to find that the agency proved by substantial evidence that its performance standards are valid.

Regarding the chapter 43 performance-based removal action, we ultimately agree with the administrative judge that the agency established the basis for this action by substantial evidence. ID at 13-25; *see* 5 C.F.R. § 1201.56(b)(1)(i). However, the administrative judge's discussion of this action omitted a necessary element for the agency to prove a performance-based removal action. ID at 13. To support a chapter 43 performance-based action, an agency must prove by substantial evidence that (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any changes thereto; (2) it communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him an opportunity to improve;

and (5) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veteran Affairs*, 2022 MSPB 11, ¶ 13*; Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 & n.5 (2013). Included in the agency's burden is whether the appellant's performance was unacceptable in one or more critical elements prior to the initiation of the improvement period, thereby justifying its initiation. *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021); *Lee*, 2022 MSPB 11, ¶¶ 13-14.

In the initial decision, the administrative judge appropriately found that OPM approved the agency's performance appraisal system, that the agency communicated to the appellant the performance standards and critical elements, or, here, core competencies, of his position, that the appellant's performance was unacceptable in one or more core competency prior to the initiation of an improvement period, that it warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to improve, and that, during the performance improvement plan (PIP) period, the appellant's performance remained unacceptable. ID at 14-24. The appellant's arguments on review do not provide a basis to disturb these findings. *See Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359. However, as noted, the administrative judge's discussion of these elements did not address whether the agency proved by substantial evidence that the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1). ID at 13. Accordingly, we do so in the first instance here.[4]

---

[4] The administrative judge's recitation of the necessary elements to prove this action also did not explicitly include whether, after an adequate period of time, the appellant's performance remained at an unacceptable level in at least one critical element. ID at 13; *see Lee*, 2022 MSPB 11, ¶ 13*; Towne*, 120 M.S.P.R. 239, ¶ 6. Nonetheless, in his discussion of the appellant's PIP, the administrative judge considered the ways in which the appellant's performance remained unacceptable, and thus, substantively addressed the element, despite any failure to do so in form. ID at 22-25. Because the administrative judge's discussion ultimately addressed the substance of this element, any error in its explicit omission is harmless and does not provide a basis to disturb the

To be valid, an agency's performance standards must be reasonable, realistic, attainable, clearly stated in writing, specific enough to provide the employee with a firm benchmark toward which to aim his performance, and sufficiently precise to invoke general consensus as to their meaning and content. *Towne*, 120 M.S.P.R. 239, ¶ 21. Here, the record contains the appellant's performance plan, which details the seven core competencies used to evaluate the appellant's performance. *Montgomery v. Department of Homeland Security*, MSPB Docket No. DC-0752-21-0512-I-1, Initial Appeal File (IAF), Tab 11 at 706-10. Additionally, the performance plan sets forth four levels of performance upon which each core competency is evaluated: achieved excellence, exceeded expectations, achieved expectations, and unacceptable. *Id.* at 706. For each core competency, the performance plan includes a paragraph of the skills and tasks generally associated with the particular core competency, and it further explains, with a reasonable amount of specificity, what sort of behavior or level of performance is necessary to achieve expectations and what is necessary to achieve excellence. *Id.* at 706-10. To the extent an assessment of the listed skills and tasks requires a somewhat subjective evaluation of an employee's performance, the Board has consistently found that professional and technical jobs, such as the appellant's, are often not susceptible to performance standards that are strictly objective and may require a degree of subjective judgement that would not be necessary or proper in a position of less professional or technical nature. *See Greer v. Department of the Army*, 79 M.S.P.R. 477, 483-84 (1998). Moreover, the appellant has not challenged the validity of his performance standards either below or on review. Based on the foregoing, we find that the appellant's performance standards are valid. *See Towne*,

---

initial decision. *See Foust v. Department of the Treasury*, 80 M.S.P.R. 477, ¶ 2 n.* (1998) (explaining that the Board adheres to the principle that form will not be exalted over substance); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

120 M.S.P.R. 239, ¶ 21. We affirm the administrative judge's findings regarding the other elements, as discussed above, and we supplement the initial decision to find that the appellant's performance standards are valid.

<u>The administrative judge correctly found that the appellant failed to establish his affirmative defenses, but we supplement his discussion of the appellant's whistleblower reprisal claim.</u>

The administrative judge correctly found that the appellant failed to establish his harmful procedural error, due process violation, and whistleblower reprisal claims. ID at 27-32. However, although we ultimately agree with the conclusion that the appellant failed to prove his whistleblower reprisal affirmative defense, we supplement the initial decision's discussion of that affirmative defense here.

In order to prevail on a whistleblower retaliation affirmative defense, an appellant must prove by preponderant evidence that he made a whistleblowing disclosure as described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 1221(e)(1); *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 15. In the initial decision, the administrative judge found that, even assuming the appellant proved by preponderant evidence that he made one or more protected disclosures, he failed to show that the disclosures were a contributing factor in his removal. ID at 31-32. In his discussion of the contributing factor element, however, he did not discuss or apply any of the legal standards employed by the Board. ID at 30-33. Thus, we do so here in the first instance.

The Board has explained that one way an appellant may establish the contributing factor criterion is the knowledge/timing test, under which an employee submits evidence showing that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a

period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 63. Based on our review of the record, we discern no error in the administrative judge's finding that the appellant failed to prove that either the proposing or deciding official had knowledge of his protected disclosures or activities. ID at 32.

In addition to showing actual knowledge, an appellant can also demonstrate that a disclosure was a contributing factor to a personnel action by showing that the official taking the action had constructive knowledge of the disclosure. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012). An appellant can establish constructive knowledge by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *See id.* Here, the only employee who the appellant has clearly asserted influenced the agency's decision to remove him is the Office of Equal Rights (OER) Director. I-2 AF, Tab 22, Hearing Recording, Day 3 (testimony of the appellant). To the extent the appellant could establish by preponderant evidence that the OER Director had knowledge of his protected disclosures and activity, he nonetheless has admitted that his belief that the OER Director influenced the removal decision is speculative. *Id.*; ID at 32. An allegation based on speculation does not rise to the level of preponderant evidence. *Duncan v. Department of the Air Force*, 115 M.S.P.R. 275, ¶ 9 (2010). Thus, the appellant has failed to establish either actual or constructive knowledge, and therefore, has failed to meet the knowledge/timing test.

However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Dorney*, 117 M.S.P.R. 480, ¶ 14. If an appellant fails to meet that standard, the Board will consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire

or motive to retaliate against the appellant. *Id.*, ¶ 15. Here, in light of the administrative judge's findings regarding the chapter 75 and chapter 43 actions, and our agreement with his findings, we find that the agency's reasons for the appellant's removal are strong. Although the officials who proposed and took the removal action against the appellant may have had some professional retaliatory motive because they are generally responsible for the agency's overall performance, *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012); *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶¶ 14-15, the appellant has not demonstrated any motive to retaliate beyond that possible basic degree. Moreover, the appellant has not shown by preponderant evidence that any of his protected disclosures or protected activities involved conduct implicating either the proposing or deciding official. Therefore, we find that, weighing the *Dorney* factors on the whole, the appellant failed to establish the contributing factor element by preponderant evidence. Accordingly, we agree with the administrative judge that the appellant failed to prove his whistleblower reprisal claim, and we affirm the initial decision in this regard, as supplemented here.

<u>The appellant failed to show that the administrative judge abused his discretion when ruling on witness requests and in imposing sanctions against the appellant regarding a discovery dispute.</u>

*The administrative judge's ruling on witnesses*

In his petition for review, the appellant argues that the administrative judge erred in "adopting the agency's view" that only witnesses who supervised the appellant in 2019 and 2020 should be permitted to testify and that the administrative judge improperly denied his witnesses who would have testified to the appellant's character, truthfulness, and work habits. PFR File, Tab 1 at 12-13. In an order and summary of the prehearing conference, the administrative judge approved seven joint witnesses and, after providing a thorough explanation, made individual rulings on all the appellant's 22 requested

witnesses, some of whom were approved to testify. I-2 AF, Tab 12 at 10-16. On review, the appellant has not explained why these rulings were in error, nor has he offered any specific information about what the witnesses would have testified about and why he believes that their testimony would be relevant, or why it would affect the outcome of his appeal. PFR File, Tab 1. Accordingly, we find that the appellant failed to demonstrate any error in the administrative judge's denial of witnesses. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (explaining that the Board's regulations give an administrative judge wide discretion to control the proceedings, including authority to exclude witnesses the appellant has not shown would offer relevant, material, and nonrepetitious evidence); *see also* 5 C.F.R. §§ 1201.41(b)(8), (b)(10) (setting forth an administrative judge's authority and discretion to rule on witnesses and to order the appearance of witnesses whose testimony would be relevant, material, and nonrepetitious).

> *The administrative judge's issuance of sanctions against the appellant*

The appellant also argues on review that the administrative judge improperly sanctioned him as the result of a discovery dispute between the parties. PFR File, Tab 1 at 14. Specifically, he argues that the administrative judge erred in not allowing him to reference "several hundred pages of documents" during the hearing and that he abused his discretion in imposing sanctions without issuing an order on the agency's motion for sanctions. PFR File, Tab 1 at 14. The appellant's arguments are without merit. Regarding the argument that the administrative judge imposed sanctions without first issuing an order on the agency's motion for sanctions, the record includes the administrative judge's order granting the agency's motion for sanctions, wherein he imposes sanctions on the appellant. IAF, Tab 24. Thus, the appellant's argument that the administrative judge failed to issue such an order is not supported by the record.

Regarding the appellant's argument that the administrative judge erred in not allowing him to reference "several hundred pages of documents," an administrative judge has the authority to impose sanctions upon the parties as necessary to serve the ends of justice. *See Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 11 (2016); *see also* 5 C.F.R. § 1201.41(b)(11) (providing the administrative judge with the authority and discretion to impose sanctions); 5 C.F.R. § 1201.43 (explaining that an administrative judge may impose sanctions when a party fails to comply with an order and that such sanctions may include the elimination from consideration any submissions of the party that fails to comply with an order). To the extent the prohibited documents referenced by the appellant on review are the same documents that are within the scope of the administrative judge's order of sanctions, IAF, Tab 24 at 2-3, the appellant has not explained why that order was in error or how the administrative judge abused his discretion. PFR File, Tab 1 at 14. To the extent the prohibited documents were not the subject of the administrative judge's sanctions order, the appellant has not sufficiently explained so in his petition for review, and we will make no such presumption here. Based on the foregoing, we find that the appellant has failed to establish that the administrative judge abused his discretion in issuing sanctions against the appellant. *See* 5 C.F.R. §§ 1201.41(b)(11), 1201.43.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.