**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| COURTNEY FLUGSTAD,<br>    Appellant, | DOCKET NUMBER<br>AT-0432-18-0603-I-1 |
| v. | |
| NATIONAL AERONAUTICS AND<br>    SPACE ADMIN,<br>    Agency. | DATE: May 23, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Ronica Scales, Esquire, and Shaun C. Southworth, Esquire, Atlanta, Georgia, for the appellant.

Trevor Oktay Tezel, Esquire, Kennedy Space Center, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which affirmed her performance-based removal. On petition for review, the appellant argues that the performance standards by which she was assessed were not valid, that she was not warned of her performance deficiencies or given a reasonable

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

opportunity to improve her performance, and that her performance was at an acceptable level. Petition for Review (PFR) File, Tab 1 at 5-13. She also reasserts her affirmative defenses of disability discrimination (disparate treatment), retaliation for seeking a reasonable accommodation, and harmful procedural error. *Id.* at 10-12. For the reasons discussed below, we GRANT the petition for review. We MODIFY the initial decision to supplement the administrative judge's discussion of the application of *Greer v. Department of the Army*, 79 M.S.P.R. 477 (1998), and to apply the appropriate legal standards to the appellant's disparate treatment disability discrimination retaliation for engaging in activity protected by the Rehabilitation Act. We REMAND the appeal to the Atlanta Regional Office for further adjudication consistent with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the agency proved the elements of its chapter 43 action under the law as it existed at the time of the appeal, while supplementing his application of *Greer*.</u>

¶2        We discern no basis to disturb the administrative judge's conclusion that the agency proved the elements it was required to establish in a chapter 43 action under the law when the initial decision was issued. The appellant argues on review that the administrative judge's application of *Greer*, which provides that performance standards may be less objective when the position involved is a technical one with greater discretion and independence, was improper because her position is "more managerial than scientific." PFR File, Tab 1 at 7; *see Greer*, 79 M.S.P.R. at 483-84. This argument is without merit. The appellant was employed as a GS-13 Aerospace Engineer. Initial Appeal File (IAF), Tab 7 at 4. The position description for that position provides that one of the major duties is to serve as a "technical expert, trouble-shooter, and consulting engineer, providing technical assessments, advice and guidance." IAF, Tab 10 at 94. The

position description further requires an incumbent to "[e]xercise[] expert technical aerospace engineering knowledge[,] insight[,] and judgment in identifying and resolving complex safety and mission assurance problems and issues." *Id.* We find that the administrative judge correctly relied on *Greer* when concluding that the agency "appropriately did not tie the appellant's performance to quantifiably objective criteria and that subjective judgment about whether the appellant's performance rises to the GS-13 level are necessary due to the highly technical nature of her work." IAF, Tab 30, Initial Decision (ID) at 15.

We modify the initial decision to apply the appropriate legal standards to the appellant's disparate treatment disability discrimination and retaliation claims, still finding that the appellant did not prove those claims.

¶3    In analyzing the appellant's disparate treatment disability discrimination claim, the administrative judge discussed the mixed-motive analysis in accordance with the Board's precedent in *Southerland v. Department of Defense*, 119 M.S.P.R. 566 (2013), *overruled by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, and the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). ID at 25, 27-28. The administrative judge stated that, under the mixed-motive analysis he applied, the appellant need not prove that discrimination was a but-for cause of the agency's action. ID at 25. He nevertheless found that the appellant presented no evidence that any relevant agency official harbored animus against someone with the appellant's disability. ID at 28. On review, the appellant generally challenges this finding, but points to no specific evidence in the record demonstrating why it is incorrect. PFR File, Tab 1 at 10-11.

¶4    In *Pridgen*, 2022 MSPB 31, ¶ 25 (internal quotations omitted), which was decided after the issuance of the initial decision in this case, the Board approved the use of the *McDonnell Douglas* framework, not as a rigid, mechanized methodology, but as a sensible, orderly way to evaluate evidence of employment

discrimination. We therefore take no issue with the application of the framework for that purpose.

¶5 Even when applying the standard set forth in *Pridgen* to this claim, however, a different outcome is not warranted. We have reviewed the record, and we agree with the administrative judge that it contains no evidence that any animus existed towards the appellant or her type of disability. ID at 28. Accordingly, we find that the appellant did not prove that her disability was a motivating factor in her removal, and we modify the initial decision to reflect this analysis.

¶6 In analyzing the appellant's claim that the agency removed her in retaliation for requesting a reasonable accommodation, the administrative judge applied the motivating factor standard. ID at 28-29. He concluded that the appellant did not prove that her reasonable accommodation request motivated either the appellant's placement on a performance improvement plan (PIP), the agency's assessment of her during the PIP, or the subsequent removal action. *Id.* On review, the appellant generally challenges this finding, but points to no specific evidence in the record demonstrating why it is incorrect. PFR File, Tab 1 at 10-11.

¶7 In *Pridgen*, 2022 MSPB 31, ¶ 46, the Board held that claims of retaliation for engaging in activity protected by the Rehabilitation Act are to be analyzed solely under the but-for causation standard. The Board stated that it applies standards under the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008, to determine whether there has been a violation of the Rehabilitation Act. *Id.*, ¶ 35. The Rehabilitation Act protects reasonable accommodation requests—the protected activity at issue in the appellant's affirmative defense. *Id.*, ¶ 44.

¶8 We have reviewed the record, and we agree with the administrative judge's determination that the appellant did not satisfy the lesser motivating factor standard, so she necessarily did not satisfy the more stringent but-for standard. We modify the initial decision to reflect this analysis. *See Haas v. Department of*

*Homeland Security*, 2022 MSPB 36, ¶¶ 31-32 (finding that an employee who did not satisfy the lesser motivating factor standard necessarily did not meet the more stringent but-for standard applicable to his retaliation claim). Any error committed by the administrative judge in applying different standards to the appellant's disability discrimination and retaliation claims has not prejudiced the appellant's rights.[2] *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Remand is required in light of *Santos*.

¶9  Though the appellant has identified no basis for us to disturb the initial decision, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

¶10  On remand, the administrative judge shall accept evidence and argument regarding whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional

---

[2] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claim, it is unnecessary for us to address whether discrimination was a but-for cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

showing required under *Santos* on remand, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶11     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:          _____

                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.