## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL RAY NEICE,
          Appellant,

v.

SOCIAL SECURITY
    ADMINISTRATION,
          Agency.

DOCKET NUMBER
CH-0432-18-0020-I-1

DATE: June 10, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Ray Neice</u>, Overland Park, Kansas, pro se.

<u>Julia C. Walker</u>, Esquire, and <u>Laurie Faber Stitzer</u>, Esquire, Kansas City,
    Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained his contribution-based removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant was a Claims Specialist whom the agency removed under the provisions of 5 U.S.C. chapter 43, effective September 11, 2017. Initial Appeal File (IAF), Tab 6 at 93-100, Tab 24 at 11. The appellant filed a Board appeal, and the administrative judge issued an initial decision sustaining the removal. IAF, Tab, 31, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response.[2] Petition for Review File, Tabs 1, 4.

¶3      Having carefully considered the appellant's petition for review, we find that he has identified no basis to disturb the initial decision. Nevertheless, during the pendency of the petition for review, the U.S. Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021), in which it clarified the agency's burden of proof in a chapter 43 appeal. Specifically, the court held that, in addition to the five elements of proof that the administrative judge identified in her initial decision, ID at 16, the agency must also prove by substantial evidence that the appellant's performance was unsatisfactory leading up to the formal opportunity to demonstrate acceptable performance (in this case, the Opportunity to Perform Successfully (OPS)). *Santos*, 990 F.3d at 1360-61. In other words, the agency must justify its initiation of the opportunity to demonstrate acceptable performance.

¶4      Pursuant to *Santos*, the Board now identifies six elements that the agency in a chapter 43 appeal must prove by substantial evidence: (1) the Office of Personnel Management approved its performance appraisal system and any

---

[2] The appellant's petition was untimely by 1 day. Considering the circumstances of the appellant's untimely filing, we find good cause to waive the filing deadline. *See generally Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

¶5    The administrative judge in this case correctly applied Board precedent as it existed at the time she issued her initial decision. However, neither she nor the parties had the benefit of the court's decision in *Santos*, and that decision applies to all appeals pending before the Board regardless of when the events at issue took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record already contains a significant amount of evidence regarding the appellant's performance leading up to the OPS (element 4), the appellant was not specifically informed that this would be an issue, and he has not had a full and fair opportunity to address it. Therefore, this appeal must be remanded to give the parties an opportunity to file evidence and argument concerning the appellant's pre-OPS performance.

¶6    On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-OPS performance was unacceptable. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision.

## ORDER

¶7     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.