## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCIA JAMES,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0432-20-0579-I-1 |
|　　　v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　　Agency. | DATE: December 9, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Marcia James, Riverview, Florida, pro se.

Holly L. Buchanan Eglin Air Force Base, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication consistent with

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

*Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

The appellant was employed as a GS-11 Budget Analyst at the MacDill Air Force Base in Tampa, Florida. Initial Appeal File (IAF), Tab 4 at 12. On June 7, 2019, the appellant was placed on a performance improvement plan (PIP) to address her performance issues in five critical elements of her position: (1) Budget Formulation, (2) Budget Execution, (3) Assistance and Guidance, (4) Research and Analysis of Budget Reports, and (5) Lead Budget Analyst. IAF, Tab 5 at 21-27. At the end of the PIP, which was extended to August 27, 2019,[2] the appellant's supervisor determined that the appellant had not raised her performance to an acceptable level in the critical element of Assistance and Guidance. IAF, Tab 5 at 4-5, Tab 8 at 9. The agency removed the appellant under 5 U.S.C. chapter 43 for unacceptable performance in the critical element of Assistance and Guidance, effective May 8, 2020. IAF, Tab 4 at 13-18.

The appellant filed an appeal with the Board, alleging that the agency deemed her performance unacceptable even though they gave other analysts passing appraisals for using the same documentation she was told to use to complete the Tri-Annual Review.[3] IAF, Tab 1 at 5. After holding the appellant's

---

[2] The PIP was originally intended to be in effect for 45 days. IAF, Tab 5 at 26. However, on July 12, 2019, the appellant's supervisor notified the appellant that she was extending the PIP to August 6, 2019. *Id.* at 28. On August 6, 2019, the appellant's supervisor notified the appellant that she was extending the PIP a second time to September 30, 2019. *Id.* at 29. The appellant's supervisor explained that September 30, 2019, would have been the end of a budget review cycle. IAF, Tab 13, Hearing Recording (HCD) (testimony of the appellant's supervisor). However, the PIP actually ended on August 27, 2019. IAF, Tab 4 at 13. The appellant was pulled from the duties on August 27, 2019, because her supervisor was concerned about the quality of her work. *Id.* at 16.

[3] The Tri-Annual Review (TAR) is a financial review that occurs three times a year. IAF, Tab 13, HCD (testimony of the appellant's supervisor). During the TAR, the comptroller's office identifies accounting lines with funds that are not being used and determines whether the funds are still needed or if the funds can be de-obligated so that

requested hearing, the administrative judge affirmed the appellant's removal. IAF, Tab 15, Initial Decision (ID). The administrative judge noted that the appellant did not raise the issue of whether the agency proved that the Office of Personnel Management (OPM) had approved its performance appraisal system and deemed it unnecessary to make a formal finding on this issue. ID at 5 n.2. She found that the agency proved that: (1) the performance standards were valid; (2) they were communicated to the appellant at the beginning of the appraisal period; (3) the appellant was warned of her deficiencies during the appraisal period and given an adequate opportunity to improve; and (4) the appellant's performance remained unacceptable during the PIP period in a critical element. ID at 5-18.

The appellant has filed a petition for review and a supplement. Petition for Review (PFR) File, Tabs 1-2. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We agree with the administrative judge that the agency proved the elements of its chapter 43 action under the law when the initial decision was issued.</u>

At the time the initial decision was issued, the Board's case law stated that, to prevail in a performance-based removal appeal under chapter 43, the agency must establish by substantial evidence that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302; (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was

---

they can be used elsewhere. *Id.* The appellant was the point of contact for the TAR, and it was her responsibility to go over the accounting lines with unused funds and refer them to work units for more information or gather the information herself. *Id.*

provided an opportunity to demonstrate acceptable performance. *White v Department of Veterans Affairs,* 120 M.S.P.R. 405, ¶ 5 (2013); *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). The administrative judge found that the agency proved the elements of a chapter 43 action. ID at 5-17.

On review, the appellant challenges the administrative judge's decision not to make a formal finding on whether the agency proved that OPM had approved its performance appraisal system. PFR File, Tab 1 at 5-6, Tab 2 at 8; ID at 5 n.2. She asserts that "anything regarding the PIP should be removed since it was proved invalid." PFR File, Tab 2 at 8.

Ordinarily, the Board will presume that the agency is in compliance with this requirement; however, if an appellant has alleged that there is reason to believe the agency has not received OPM approval for its performance appraisal system or any significant changes to an approved system, it is the agency's burden to demonstrate that it has received the necessary approval. *Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 6 (2011); *Lee*, 115 M.S.P.R. 533, ¶ 5. The appellant did not raise such a challenge until her petition for review. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Even if we were to consider the appellant's assertion, it appears to address the validity of the PIP rather than the agency's performance appraisal system. Under these circumstances, we find that it is appropriate to apply the presumption that OPM has approved the agency's performance appraisal system; thus, the agency proved the first element.

The appellant has not challenged, and we discern no reason to disturb, the administrative judge's findings as to the second and third elements. To the extent that the appellant is challenging the administrative judge's findings as to the fourth and fifth elements, she has not identified a basis to disturb them.

Remand is required in light of Santos.

Notwithstanding, remand is required for a different reason. While this case was pending on review, the U.S. Court of Appeals for the Federal Circuit recognized for the first time that an agency must prove an additional element to support an adverse action charge under chapter 43. *Santos*, 990 F.3d at 1360-61. Specifically, the agency "must justify institution of a PIP" by proving the employee's performance was unacceptable before the PIP. *Id.* at 1360; *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 14. The holding applies to all pending cases, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16.

Although the record contains some evidence regarding the appellant's pre-PIP performance, the parties were not on notice as to this element. Thus, we must remand the appeal to give the parties an opportunity to present additional evidence as to whether the appellant's performance was unacceptable in one or more critical elements prior to the issuance of the PIP. *See Lee*, 2022 MSPB 11, ¶ 16 (remanding the chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept argument and evidence on this issue and hold a supplemental hearing, if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision her prior findings on the other elements of the agency's case. *See id.*

## ORDER

For the reasons discussed above, we REMAND this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.